Samuel E. HANEY and Judith Haney, Petitioners,

v.

PURCELL COMPANY, INC., Respondent.

No. C-7949.

Supreme Court of Texas.

May 24, 1989.

Allen B. Daniels, Houston, for petitioners.

Timothy M. McDaniel, Charles R. Gregg, Houston, for respondent.

DOGGETT, Justice.

This appeal presents the issue of whether home buyers who discover human graves in the backyard of their residence are precluded from recovering damages based on negligence, fraud, breach of express warranty, breach of implied warranty of merchantability and violations of the Deceptive Trade Practices—Consumer Protection Act solely because the property had been abandoned as a cemetery. Samuel and Judith Haney brought suit against Purcell Company, Inc. after two human graves were discovered in the backyard of their residence. In an unpublished opinion, the court of appeals affirmed the trial court's judgment that the Haneys take nothing. We reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

On March 16, 1981, the Haneys purchased a house from Purcell in the Newport subdivision in Crosby, Texas. During construction of the Haneys' residence, Al Summerlin, Purcell's field superintendent, was informed by an unidentified person that at least one human grave existed on the land. Summerlin examined the alleged gravesite and observed a short fence around it as well as a stick with a cross. Because Summerlin "didn't know whether a dog was buried there or anything" he "told the tractor man to take it all out." Thereafter the debris was hauled off and dumped.

In April 1983, the Haneys began construction of a swimming pool in the backyard of their residence. After observing the pool contractor's equipment going into the Haneys' backyard, L.D. Ressler, a long time local resident, informed Mr. Haney of the possibility that a grave was located in the vicinity. Ressler came to this conclusion because he had previously seen a fence enclosing a small evergreen bush in this area. Shortly thereafter, the Haneys learned that the area near their house had been known as the "Black Hope Addition Graveyard." In September 1983, the Ha-

neys had their backyard excavated and two human graves were found. The bodies were moved to a perpetual care cemetery at Purcell's request and expense.

The Haneys filed suit in February 1984 for damages based on breach of contract, alleged title defects, negligence, fraud, breach of express warranty, breach of implied warranty of merchantability, and violations of the Deceptive Trade Practices–Consumer Protection Act. (DTPA), Tex. Bus. & Com.Code Ann. §§ 17.41–17.63 (Vernon 1987). After a jury trial, the trial court rendered judgment that the Haneys take nothing, and the court of appeals affirmed.

The jury found that the property in question had been abandoned as a cemetery before the Haneys purchased it. In the court of appeals, the Haneys asserted that the trial court had submitted an improper instruction to the jury regarding the elements of abandonment. Finding that the Haneys' had failed to make the trial court fully aware of the grounds of their objection, the court of appeals held that the Haneys had waived any complaint regarding this issue. See TEX.R.CIV.P. 274.

The court of appeals then reasoned that since the cemetery had been abandoned, all of the complaints brought on appeal are therefore moot. We conclude that the court of appeals was mistaken.

The Haneys argue that the causes of action based on negligence, fraud, breach of express warranty, breach of implied warranty of merchantability and violations of the DTPA are not precluded solely because the property had been abandoned as a cemetery. We agree. The court of appeals erred, therefore, in overruling as moot the Haneys' remaining points of error. We remand the cause to the court of appeals to consider such points. *McKelvy v. Barber*, 381 S.W.2d 59, 65 (Tex.1964); *Wood v. Kane Boiler Works, Inc.*, 238 S.W.2d 172, 178 (Tex.1951).

The judgment of the court of appeals is reversed and the cause is remanded to that

court for further consideration in accordance with this opinion.