Samuel E. **HANEY** and Judith Haney

v.

**PURCELL COMPANY, INC.**

No. 01–87–00909–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 9, 1990.

Rehearing Denied Oct. 4, 1990.

---

Allen B. Daniels, Houston, for appellants.

Timothy M. McDaniel, Charles Gregg, Houston, for appellee.

Before SAM BASS, DUNN and O'CONNOR, JJ.

## OPINION ON REMAND FROM THE TEXAS SUPREME COURT

O'CONNOR, Justice.

Samuel and Judith Haney, appellants, sued Purcell Company, appellee, for negligence, breach of implied warranties, fraud, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA). After a jury trial, the court entered a take-nothing judgment against the Haneys, based on the jury findings.

The Haneys appealed, asserting eight points of error. We overruled their fifth point of error, in an unpublished opinion dated June 9, 1988, because the Haneys did not properly object during trial, and therefore waived any complaint on that issue. We also affirmed the trial court's judgment, holding their other points of error were moot. The Haneys pursued an appeal to the Texas Supreme Court. The supreme court agreed with this Court on the fifth point, but stated that we were wrong in finding the other points moot. Thus, the supreme court reversed our judgment and remanded this case to us with instructions to review the Haneys' remaining points of error. *Haney v. Purcell Co.*, 770 S.W.2d 566 (Tex.1989).

We again affirm.

On March 16, 1981, the Haneys purchased a house from Purcell's predecessor, U.S. Atlantic Corp., in the Newport subdivision in Crosby, Texas. During construc-

tion of the house, someone told Purcell's field superintendent there was at least one grave on the land. When the field superintendent examined the site, he saw a stick with a cross on it. The area had a short fence around it. He told the tractor operator to haul the debris away.

In April 1983, the Haneys began digging a hole for a swimming pool in their backyard. One of their neighbors told them there might be a grave in the vicinity. They found two graves in their backyard in September 1983. Purcell moved the bodies, on its own initiative and at its expense. In February 1984, the Haneys filed this suit against Purcell. Mr. Haney developed diabetes in August 1986, which he attributed to the mental trauma he suffered as a result of discovering the graves. After a jury verdict, the trial court rendered a take-nothing judgment in Purcell's favor.

## I. Errors in the charge

The trial court, in preparing the jury charge, did not accept the questions and instructions submitted by the parties. The court refused all of the special issues proposed by both parties and submitted its own charge.

### A. Fraud

In their first point of error, the Haneys argue that the trial court erred in refusing to submit their jury questions on fraud. Although the court refused the Haneys' proposed questions, it did submit the following jury questions on fraud:

Number 6: Do you find from a preponderance of the evidence that prior to the sale to Sam and Judith Haney, Purcell Company, Inc. knew or should have known that there were graves on the subject property?

Answer: We do

If you have answered special issue No. 6 "we do", and only in that event, then answer:

Number 7: Do you find from a preponderance of the evidence that Purcell Company, Inc. failed to disclose this information with the intent to induce Sam and Judith Haney to purchase property which they would not have purchased had the information been disclosed?

Answer: We do not

■ The elements of actionable fraud are: (1) the party makes a material representation;[1] (2) that is false; (3) with knowledge of its falsity; (4) with the intent to induce the other party to act; (5) the other party acts in reliance on the representation; and, (6) as a result, the other party suffers. *Oilwell Div., U.S. Steel Corp. v. Fryer*, 493 S.W.2d 487, 491 (Tex.1973); *Philipp Bros., Inc. v. Oil Country Specialists, Ltd.*, 709 S.W.2d 262, 264 (Tex.App.—Houston [1st Dist.] 1986, writ dism'd). The jury questions submitted by the court contained these elements.

Jury question six covered element number (3). Jury question seven covered elements in numbers (1), (2), (4), and (5). Jury question 14 covered element (6), the damages.[2]

■ Once the court submits a controlling issue, it is not error to refuse to submit additional issues on the same theory. *See Perry v. Little*, 419 S.W.2d 198, 199 (Tex. 1967); *see also Dayton Hudson Corp. v. Altus*, 715 S.W.2d 670, 675 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.).

We overrule the first point of error.

### B. Negligence

In their second point of error, the Haneys contend the trial court erred when it refused to submit jury questions on negligence. In response, Purcell contends that the statute of limitations barred a suit on negligence.

■ The statute of limitations for negligence is two years. *A.G. Serv., Inc. v. Peat, Marwick, Mitchell & Co.*, 757 S.W.2d

---

1. When particular circumstances impose a duty to speak, and a party deliberately remains silent, the silence is equivalent to a false misrepresentation. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex.1986).

2. Because the lengthy damage issues are not challenged as part of this point of error, we do not set them out in the opinion.

503, 505 (Tex.Civ.App.—Houston [1st Dist.] 1988, writ denied); TEX.CIV.PRAC. & REM. CODE ANN. § 16.003 (Vernon 1986). The jury found that the Haneys knew, or should have known, about the graves in May 1981. The Haneys were barred from bringing a negligence suit by June 1983. The Haneys filed this suit in February 1984, eight months too late. If, therefore, there was some evidence to support the submission of questions on negligence, it was not error to refuse to submit it.

We overrule the second point of error.

## C. Warranties

In their sixth point of error, the Haneys maintain that the trial court erred when it refused to submit jury questions regarding breach of certain express warranties and the implied warranty of merchantability. The Haneys pleaded breach of a number of warranties. At the charge conference, the Haneys submitted proposed questions on breach of three express warranties and breach of the implied warranty of merchantability. The court refused the Haneys' questions and submitted its own issues on breach of the warranties of title and habitability. The jury found no breach of warranty.

### 1. Implied warranty of merchantability

■ The Haneys complain that the trial court refused to submit their question on breach of implied warranty of merchantability. Texas courts recognize only two common law implied warranties for the construction and sale of a house: (1) warranty of habitability; and (2) warranty of construction in good and workmanlike manner. *Evans v. J. Stiles, Inc.*, 689 S.W.2d 399, 400 (Tex.1985). The implied warranty of merchantability applies only to transactions involving goods. *G–W–L, Inc. v. Robichaux*, 643 S.W.2d 392, 394 (Tex.1982).[3] It does not apply to the construction and sale of a house. *Miller v. Spencer* 732 S.W.2d 758, 760 (Tex.App.—Dallas 1987, no writ). It was not, therefore, error to re-

fuse to submit the question on breach of the implied warranty of merchantability.

### 2. Express warranties

■ The Haneys also complain that the trial court refused to submit their question on breach of express warranties. The Haneys submitted jury questions, which were refused, on the following express warranties: the property was restricted for residential purposes; there was no other limitation on the property; and there were no title defects.

The Haneys did not plead breach of the express warranty that the property was restricted for residential purposes, or breach of the express warranty that there was no other limitation on the property. Rule 278 of the Texas Rules of Civil Procedure states in part:

The court shall submit the questions, instructions and definitions ... which are raised by the pleadings.

Because they did not plead the causes, they were not entitled to questions on those subjects.

The Haneys did plead breach of warranty of title, but the trial court submitted that question to the jury. The Haneys were not, therefore, entitled to another issue on breach of warranty of title.

We overrule the sixth point of error.

## D. Abandonment

In the first appeal, the Haneys argued in their fifth point of error, which we overruled, that the trial court erred when it refused their instructions on abandonment. Because the supreme court did not order us to reconsider the fifth point of error, we will not do so.

On remand, the Haneys submitted a supplemental brief, urging a ninth point of error. In the Haneys' new point of error, they urge the same argument they asserted in the fifth point, but now argue that it was "fundamental error" for the trial court to submit the jury question on abandon-

---

**3.** In *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 355 (Tex.1987), the supreme court overruled *G–W–L, Inc. v. Robichaux*, with re-

gard to the issue of waiver of warranty, which is not an issue here.

ment. Unless the abandonment issue truly presents a problem involving fundamental error, we cannot reconsider the point on remand.

■ Fundamental error is a discredited doctrine. *Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex.1982). Today, the claim of fundamental error can only be raised in those rare instances where the record shows that the trial court did not have jurisdiction, or when the public interest, as declared in the statutes or constitution, is directly and adversely affected. *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982). The record must affirmatively and conclusively disclose such error. *Kirby v. Cruce*, 688 S.W.2d 161, 168 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

The Haneys contend the Cemetery Act[4] controls the issue of abandonment. They assert that anything other than a judicial abandonment of a cemetery, pursuant to section 11 of the Cemetery Act, is fundamental error. The Haneys define "fundamental error" as error that affects the interest of the public, as that interest is declared by state statutes, citing *Armenta v. Nussbaum*, 519 S.W.2d 673 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r.e).

■ The objection that a party's statutory rights were violated, as opposed to the public interest being adversely affected, does not present fundamental error. *See PGP Gas Prod., Inc. v. Fariss*, 620 S.W.2d 559, 560 (Tex.1981) (objection to compliance by commissioners court with condemnation statute held waived and not fundamental error). We do not reach the issue of whether the Cemetery Act controls legal abandonment.

We overrule the supplemental point of error nine.

## II. The judgment

■ In their third point of error, the Haneys charge the trial court erred in entering the verdict for Purcell on grounds of limitations. The Haneys argue that the four-year statute of limitations controlled the breach of warranty causes of action;

thus, they contend the limitations period had not expired when suit was filed. Even if true, it would avail the Haneys nothing because they did not get a favorable finding on any breach of warranty cause of action that was submitted to the jury.

The only cause of action that the jury found in favor of the Haneys was the DTPA cause of action under section 17.-46(b)(5) & (7) of the Texas Business and Commerce Code. The jury found that Purcell "represented the property was of a particular standard, quality, or grade, if it was of another." The jury also found that this representation caused damages to the Haneys. The cause of action under section 17.46(b), however, has a two-year statute of limitations. TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987); *see Gibbs v. Main Bank of Houston*, 666 S.W.2d 554, 558 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Employers Casualty Co. v. Fambro*, 694 S.W.2d 449, 451 (Tex.App.—Eastland 1985, writ ref'd. n.r.e.). Section 17.565 states that suit must be filed within two years after the consumer *discovered or in the exercise of reasonable diligence should have discovered* the false, misleading, or deceptive act. The jury found that the Haneys knew or should have known there were graves on the property by May 1981. The Haneys argue that the discovery of graves does not mean that they discovered Purcell's wrongful acts. They argue that they did not know, in May 1981, that they had a cause of action against Purcell.

We do not find this argument persuasive. Purcell made representations about the quality of the property in March 1981. When the graves were discovered in May 1981, the Haneys discovered, or should have discovered, the representations were misleading.

The trial court correctly rendered judgment for Purcell because the statute of limitations barred the only action in which the Haneys received favorable jury findings.

We overrule the third point of error.

4. TEX.REV.CIV.STAT.ANN. art. 912a (Vernon 1964).

## III. Insufficient evidence

In their fourth point of error, the Haneys assert there is insufficient evidence to support the jury's finding that they knew or should have known there were graves on their property in May 1981. In reviewing a factual sufficiency challenge, we must consider all of the evidence in the record. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). We are compelled to uphold the finding unless the evidence to support the finding is so weak it would be manifestly erroneous or unjust for us to do so. *Levinge Corp. v. Ledezma,* 752 S.W.2d 641, 643 (Tex.App.—Houston [1st Dist.] 1988, no writ).

The evidence shows that the Haneys purchased their home on March 16, 1981. Al Summerlin, Purcell's field superintendent who supervised the construction of the house, testified that "two months, maybe three months after they purchased the house," he told the Haneys there was a grave on the property. The Haneys did not dispute his testimony. After reviewing the evidence, we find there was sufficient proof that the Haneys knew or should have known there was a grave on their property in May 1981.

We overrule the fourth point of error.

## IV. Admission of exhibits three and four

In their seventh point of error, the Haneys allege the trial court erred in admitting Purcell's exhibits three and four into evidence, in violation of the Texas Rules of Civil Evidence. Exhibits three and four, letters from Purcell's legal department, proposed relocating the Haneys to another residence, at Purcell expense. The exhibits also showed that Purcell offered to pay all attorney's fees incurred by the Haneys.

Rule 408 of the Texas Rules of Civil Evidence states that an offer to settle or compromise a claim is not admissible to show liability, the validity of the claim, or the amount of the claim. When Purcell offered exhibits three and four, the Haneys did not object that they violated rule 408. The only objections the Haneys made to the exhibits were: the letters did not comply with the statutory requirements for a response to a DTPA notice; no predicate was laid for their introduction; and the exhibits did not properly reflect the purpose for which they were offered.

Even if the Haneys had properly objected, the Haneys offered evidence of Purcell's settlement proposal first, so they cannot now complain. Before Purcell offered the exhibits, Haneys' counsel elicited testimony from Mr. Haney that Purcell offered to move them to another house. On cross-examination, Purcell posed additional questions to Mr. Haney about the settlement offer, and the Haneys did not object.

A party cannot complain of the admission of improper evidence, if he first introduced the same or similar evidence. *McInnes v. Yamaha Motor Corp.,* 673 S.W.2d 185, 188 (Tex.1984); *Thrailkill v. Montgomery Ward & Co.,* 670 S.W.2d 382, 387 (Tex.App. —Houston [1st Dist.] 1984, writ ref'd n.r.e.) (complaining party, who first solicited the evidence, waived the right to complain about the admission of the evidence).

We overrule the seventh point of error.

## V. Communications between counsel

In their eighth point of error, the Haneys claim the trial court erred in admitting evidence about communications between counsel in violation of rule 408.

The evidence the Haneys complain about is: (1) their attorney presented a demand for more than one million dollars; and (2) along with that demand, their attorney delivered a copy of the movie "Poltergeist" to Purcell.

### A. The negotiations

The Haneys identify the pages in the statement of facts where they claim Purcell elicited testimony about the negotiations. When Purcell's counsel asked Ms. Haney to confirm that her attorneys visited Purcell's office in Mississippi to "present this problem," the Haneys objected on the ground that "he's getting into pretrial settlement negotiations." The court overruled the objection. When Purcell asked Ms. Haney if her attorneys went to discuss

a demand for more than one million dollars, the Haneys did not object.

The Haneys did not preserve error. First, as stated earlier, the issue of settlement negotiations was broached by the Haneys before the series of questions by Purcell. *McInnes,* 673 S.W.2d at 188. Second, the Haneys did not object when Ms. Haney was asked about the million dollar settlement offer. *Wolfe v. East Texas Seed Co.,* 583 S.W.2d 481, 482 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd) (no error preserved if party fails to object).

### B. The movie

The Haneys also complain that the court permitted evidence that their attorneys presented a copy of the movie "Poltergeist" to Purcell's attorneys. The Haneys contend that the movie was not admissible because it was "evidence of conduct" made in compromise negotiations, per rule 408.

When Ms. Haney was asked if her attorneys took the movie "Poltergeist" to the settlement conference, she said she did not know. She was then asked if she presently knew it was true. Before she finished answering the question, her attorney objected to the "entire line of questioning on the ground that it's pretrial settlement." The court sustained the objection.

The next day, Purcell asked Ms. Haney if she recalled that her attorneys delivered the movie with their demand letter to Purcell's attorney. The Haneys objected on the grounds the question was calculated to inflame the jury. The court overruled the objection.[5] The court permitted Purcell to read part of Ms. Haney's deposition to refresh her memory.

In the excerpt read from the deposition, Ms. Haney was asked:

Did you also learn that [your attorneys] delivered the movie "Poltergeist" to the general counsel as part of a demand letter?
Answer: I knew of the existence of the film, yes, sir.

Purcell then posed the question:

Now that was true when you said it, was it not?

Haneys' attorney: Your Honor, we object—
Ms. Haney: Yes, sir.
Haneys' attorney:—again on the grounds that this goes to settlement negotiations and conversations between counsel that has no relevance in this matter at all.

After the court overruled the objection, Ms. Haney was asked to confirm that she made the deposition statement, and she said yes.

█ There are four problems with the Haneys' point of error challenging the reference to the movie. First, Ms. Haney's deposition response that she knew of "the existence of the film," did not admit that she knew that her attorney delivered the movie to opposing counsel.

█ Second, even if Ms. Haney had answered that she knew her attorneys presented the movie at the settlement conference, the Haneys initially introduced the subject of settlement negotiations much earlier in the trial. *McInnes,* 673 S.W.2d at 188.

█ Third, the objection that the movie was part of the settlement negotiations was not specific enough to inform the trial court of the reason for their objection. *McKinney v. National Union Fire Ins. Co. of Pittsburgh,* 772 S.W.2d 72, 74 (Tex. 1989) (op. on reh'g). There are two parts of an objection: (1) the objection must identify the objectionable part of the question; and (2) the rule that the court will violate if it admits the evidence. *United Cab Co. v. Mason,* 775 S.W.2d 783, 785 (Tex.App.—Houston [1st Dist.] 1989, writ denied); Tex. R.Civ.Evid. 103(a)(1). Here, the objection merely said that the question would get into settlement negotiations.

█ Fourth, the Haneys cite no authority to support their argument that the attorneys' actions in presenting the movie "Poltergeist" was part of the conduct of negotiations under rule 408, which states in part:

This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the

5. That the movie was inflammatory is not the objection the Haneys urge on appeal.

course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice....

It was the Haneys' burden to show that the movie was part of the settlement negotiations and was not "offered for another purpose."

We overrule the eighth point of error.