**In re UNIVAR USA, INC.**

**No. 09–10–00148–CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 5, 2010.

Decided April 21, 2010.

Robert Scott, Barry Abrams, Marquel S. Jordan, Lance Leisure, Abrams Scott & Bickley, L.L.P., Houston, for relator.

Darren L. Brown, J. Keith Hyde, Paul F. "Chip" Ferguson, D'Juana Parks, John A. Cowan, Provost Umphrey Law Firm, L.L.P., Beaumont, for real parties in interest.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

### PER CURIAM.

In this original proceeding, we must determine whether the remaining nonsettling defendant is entitled to discover the contents of settlement agreements between the real parties in interest and the defendants with whom they settled. Relator is Univar USA, Inc. ("Univar"), who allegedly supplied benzene to John Thompson's employer. The real parties in interest are the Estate of John Thompson and his survivors ("Thompsons").

### Background

In February 2008, John and Carol Thompson filed suit against various suppliers of benzene-containing products and various oil and chemical companies on whose premises John had worked. Their original petition alleges that John contracted acute myelogenous leukemia (AML) from his occupational exposure to benzene. Univar, although not originally named as a defendant, was subsequently named as an additional defendant in the first amended petition filed by the Thompsons. In November 2009, John died, and in February 2010, the Thompsons amended their pleadings to substitute John's estate for John and to add John's surviving child as a plaintiff.

In April 2008, prior to John's death, John and Carol answered a set of "Master Requests for Disclosures."[1] With respect to settlement agreements, the "Master Requests for Disclosures" contain a request that the Thompsons disclose "Any settlement agreements described in Rule 192.3(g)[.]"[2] The Thompsons answered this request: "None."

---

1. The order allowing the Thompsons to handle their disclosure obligations by responding to a "master" set is not in the record before us. Nevertheless, the Thompsons do not argue that Univar did not serve them with a request for disclosure, and the record contains the Thompsons' "Supplemental Responses to Master Requests for Disclosure," filed March 2010.

2. Section (g) of Rule 192.3 provides: *"Settlement Agreements.* A party may obtain dis-

In December 2009, Univar requested the Thompsons supplement their answers to the "Master Requests for Disclosures." Univar also requested that the Thompsons supplement their discovery to reveal "the total amounts of the settlements reached with any defendants listed individually by party." In January 2010, Univar filed a motion to compel, and in its motion, asked the trial court to compel the Thompsons to supplement their disclosures, specifically requesting that the trial court compel the Thompsons to disclose the settlement agreements and the amounts of the settlements.

In February 2010, the trial court conducted a non-evidentiary hearing on Univar's motion to compel.[3] When the trial court conducted the hearing, the Thompsons had neither filed a motion for protection, nor pled that the settlement agreements to which they were parties were privileged, either in whole or in part. At the hearing on Univar's motion to compel, the Thompsons argued that until a jury had awarded damages, the amounts involved in their settlements were irrelevant. Nevertheless, the Thompsons' attorney advised the trial court that he had offered to "let the Univar defendant know which of the other defendants in the case have settled so that they would know [the identity of the] settling parties." With respect to the settlement amounts, the Thompsons' attorney asserted at the hearing that "those amounts are confidential," as there are "confidentiality agreements that have

been entered with the other parties." Based on that argument, the Thompsons asserted that the amounts paid by each individual settling party should not be disclosed. At the conclusion of the hearing, the trial court did not rule on Univar's motion to compel the disclosure of the settlement agreements.

In March 2010, the Thompsons filed supplemental responses to the "Master Requests for Disclosures." With respect to disclosing whether the Thompsons had settled any of their claims, the Thompsons added the following to their prior response: "Plaintiff objects to this Request for Disclosure pursuant to the holdings of *Palo Duro Pipeline Co., Inc., et al[.] v. Hon. Ann Cochran, Judge,* 785 S.W.2d 455 (Tex.App.-Houston [14th Dist.], 1990). *See* Plaintiff's response to Defendant's Motion to Compel on this issue." Once again, the Thompsons attached no evidence to their supplemental response to support their objection to producing the settlement agreements. In March 2010, the Thompsons also filed a written response to Univar's Motion to Compel.[4] This response also contains no evidence to support the Thompsons' objection to producing the contents of the settlement agreements.

In late March 2010, approximately two weeks after the Thompsons filed their written response to Univar's motions to compel, the trial court entered an order that denied Univar's motion, "except to the extent that the Court ORDERS Plaintiffs,

covery of the existence and contents of any relevant portions of a settlement agreement. Information concerning a settlement agreement is not by reason of disclosure admissible in evidence at trial." Tᴇx.R. Cɪv. P. 192.3(g).

3. Univar's motion to compel also included other discovery disputes that are not the subject of this original proceeding.

4. The response filed by the Thompsons to Univar's Motion to Compel contained attachments, but these attachments address the parties' other discovery disputes and for the most part do not concern the disclosure of the Thompsons' settlement agreements. The attachments to the Thompsons' response indicate that the parties had not reached agreement about Thompsons' production of the contents of the settlement agreements.

within 2 days of the signing of this order, to provide to counsel for Defendant Univar USA[,] Inc.[,] the aggregate amount of any and all settlements agreed upon with regard to the claims made in this case and the identity of all parties who have agreed to contribute to such settlements." Univar filed its petition seeking a writ of mandamus on March 30, 2010.

### Mandamus and Discovery Standards

■ For discovery matters, mandamus relief is generally appropriate only if a trial court abuses its discretion and the party resisting the discovery has no adequate appellate remedy. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996) (orig.proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding). A trial court clearly abuses its discretion when its action is " 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.' " *Walker*, 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)).

Generally, the Texas Rules of Civil Procedure allow a party to discover "any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex.R. Civ. P. 192.3(a). With respect to documents, a party may obtain discovery of documents "that constitute or contain matters relevant to the subject matter of the action." Tex.R. Civ. P. 192.3(b).

The discovery of settlement agreements is specifically addressed by the Texas Rules of Civil Procedure. *See* Tex.R. Civ. P. 192.3(g). Rule 192.3(g) provides: "A party may obtain discovery of the existence and contents of any relevant portions of a settlement agreement. Information concerning a settlement agreement is not by reason of disclosure admissible in evidence at trial." *Id.* With respect to settlement agreements, the Texas Rules of Civil Procedure further require that a party, within thirty days after being served with a request, file a response to the request of another party for "any settlement agreements described in Rule 192.3(g)[.]" Tex.R. Civ. P. 194.2(h), *see also* Tex.R. Civ. P. 194.3.

On March 25, 2010, the trial court denied Univar's motion to compel disclosure of the contents of the settlement agreements. The trial court did not require the settlement agreements to be produced for an in camera inspection; consequently, the settlement agreements are not in the record before us. We review the trial court's order to determine whether the trial court abused its discretion, and to determine whether Univar has an otherwise adequate appellate remedy.

### Analysis

■ Generally, the Texas Civil Practice and Remedies Code requires the trial court, after first reducing the claimant's recovery by any percentage fault assigned to the claimant, to then further reduce the damages recovered by "the sum of the dollar amounts of all settlements." Tex. Civ. Prac. & Rem.Code § 33.012 (Vernon 2008). Thus, the settlement agreements containing the dollar amounts of a claimant's settlements are relevant to a remaining nonsettling defendant in at least two ways; first, to determine the amount of its settlement credit after a trial is completed, and second, before trial, to determine whether any settlement demand being made is reasonable when compared to the likely outcome of a trial.

■ Had settlement with others been relevant only under the condition that the nonsettling defendant was entitled to a credit, the Texas Rules of Civil Procedure

could have made them conditionally discoverable after the jury reached a verdict, and only if the jury determined the plaintiffs' damages. However, the settlement agreements were not made conditionally discoverable under the relevant rules of procedure. Instead, the Texas Rules of Civil Procedure require that settlement agreements be produced within thirty days of the service of the request. Tex.R. Civ. P. 194.3 (requiring, with respect to settlement agreements, the response to a request for disclosure filed "within 30 days after service of the request"). Because the Texas Rules of Civil Procedure expressly require settlement agreements to be produced before trial, the rules implicitly recognize that settlement agreements are relevant beyond their relevance to the trial court's mechanical calculation of the judgment.

■ In this case, it is undisputed that Univar served the Thompsons with a proper request for disclosure. Generally, settlement agreements are discoverable by nonsettling parties where they are shown to be relevant. Tex.R. Civ. P. 192.3(g); *Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 649 (Tex.1995). Further, the general rule is that a party resisting discovery has the burden to plead and prove the basis for its objections. *State v. Lowry,* 802 S.W.2d 669, 671 (Tex.1991) (orig.proceeding).

In this case, the Thompsons objected to the request to supplement their disclosures. Objections to requests for disclosure are specifically not permitted by the Texas Rules of Procedure. Tex.R. Civ. P. 194.5. Nevertheless, a party is allowed to file a motion for a protective order pursuant to Rule 192.6, although the Thompsons did not do so here. *See* Tex.R. Civ. P. 194 cmt. 1;[5] *see also* Tex.R. Civ. P. 192.6 (explaining the procedure to obtain "an order protecting that person from the discovery sought").

The cases upon which the Thompsons rely to argue that courts have protected claimants from producing settlement agreements are distinguishable, as all of the cases they cite were decided prior to the Texas Supreme Court's revision of the Texas Rules of Civil Procedure. These revisions were effective January 1, 1999,[6] and they expressly address the discovery of settlement agreements. *See* Tex.R. Civ. P. 192.3(g); Tex.R. Civ. P. 194.2(h).

Moreover, in this case, the Thompsons failed to follow the Texas Rules of Civil Procedure to support their claim that the settlement agreements contain provisions that would prohibit a court from disclosing the amount that each settling party paid to nonsettling parties. Nevertheless, the trial court simply accepted the Thompsons'

**5.** The relevant part of comment 1 states: "In those extremely rare cases when information ordinarily discoverable should be protected, such as when revealing a person's residence might result in harm to the person, a party may move for protection." Tex.R. Civ. P. 194 cmt. 1. The Thompsons did not assert that the settlement agreements were protected by any specific privileges, move for protective order, or comply with Rule 193.3, providing the procedure to follow to preserve privileged material. *See* Tex.R. Civ. P. 193.3 ("Asserting a Privilege").

**6.** The cases on which the Thompsons rely for this part of their argument, *Ford Motor Co. v.*

*Leggat,* 904 S.W.2d 643 (Tex.1995), *Burlington N., Inc. v. Hyde,* 799 S.W.2d 477 (Tex. App.-El Paso 1990, orig. proceeding); *Nermyr v. Hyde,* 799 S.W.2d 472 (Tex.App.-El Paso 1990, orig. proceeding); *Palo Duro Pipeline Co. v. Cochran,* 785 S.W.2d 455 (Tex.App.-Houston [14th Dist.] 1990, orig. proceeding), all predate the change in the Texas Rules of Civil Procedure. The changes to the Texas Rules of Civil Procedure—incorporating requests for disclosures—became effective January 1, 1999. Tex R. Civ. P. 192.3(g) (amended Jan. 1, 1999); Tex R. Civ. P. 194 (amended Jan. 1, 1999); *see also* 61 Tex. B.J. 1140, 1148, 1153–154 (1998).

bare claim that the agreements contained such provisions, and also accepted the claim that those provisions prevented the Thompsons from disclosing the amounts of the settling parties' individual settlements.

 While the trial court's remedy was to require the Thompsons to disclose the total aggregate of the settlements and to make the Thompsons disclose the identity of the settling defendants, Rule 192.3 expressly allows the discovery of the "contents" of the relevant portions of settlement agreements. *See* Tex.R. Civ. P. 192.3(g). The procedure suggested by the trial court would preclude the nonsettling defendant from verifying the accuracy of the settlement credits by examining the settlement agreements and it would further preclude judicial oversight over any dispute between the parties concerning the proper amount of any settlement credit.

"Affording parties full discovery promotes the fair resolution of disputes by the judiciary." *Lowry,* 802 S.W.2d at 671. Lawsuits should be " 'decided by what the facts reveal, not by what facts are concealed.' " *Id.* (quoting *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984) (orig.proceeding)). Because Univar demonstrated that the contents of the settlement agreements were relevant, and the Thompsons failed to establish that the provisions in the agreements prohibited disclosing the settlement amounts to nonsettling parties, the trial court was required by the Rules of Procedure to allow the discovery of the individual settlement amounts.

 We also conclude that Univar has no adequate remedy on appeal for three reasons. Without the agreements being placed in the record, a nonsettling defendant's ability to obtain adequate appellate review of a claim that the trial court failed to give the proper settlement credit is frustrated. *See* Tex. Civ. Prac. & Rem.Code Ann. § 33.012; Tex.R.App. P. 44.4(a)(1).

Second, the nonsettling defendant should be entitled to make its own independent assessment of its settlement credits to evaluate a settlement offer to avoid trial. This assessment is achieved by discovering the contents of the agreements by virtue of the Texas Rules of Civil Procedure. *See* Tex.R. Civ. P. 194.2(h). Because the sole source of a nonsettling defendant's knowledge about its settlement credits is based on what a party with an incentive to minimize that amount tells the nonsettling defendant, without being given the opportunity to verify that information, a nonsettling defendant might be pressured into settling. Such a settlement, procured by darkness, is neither just, fair, equitable, or impartial, and appears to be inconsistent with the objective of the Texas Rules of Civil Procedure. Tex.R. Civ. P. 1 (providing that "[t]he proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants"). For example, the allocation of a settlement between actual damages and punitive damages could become relevant to properly calculating the applicable settlement credit. *See Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 928 (Tex.1998) (requiring the settling party to tender to the trial court the settlement agreement allocating between actual and punitive damages to calculate the dollar-for-dollar settlement credit). In our opinion, fairness should allow nonsettling parties to be on equal footing with plaintiffs who are aware of the amounts of settlements with others. Equal knowledge means that nonsettling defendants and the plaintiffs have access in a timely manner to the settlement agreements' relevant terms. To require one party to summarize those terms is insufficient to give both parties the necessary knowledge to evaluate the likely trial result after accounting for any settlement credits.

Third, fairness should allow a nonsettling party to evaluate whether a given settlement agreement potentially affects the prospective testimony of witnesses at a trial, an argument Univar advanced in the trial court and in its petition seeking a writ of mandamus. With respect to witness bias, we note that settlement agreements and offers may be discoverable for purposes other than to establish liability, such as to demonstrate bias or prejudice of a party or witness, or, to establish the existence of a promise or agreement made by nonparties to the settled lawsuit. *See Bristol–Myers Co. v. Gonzales,* 561 S.W.2d 801, 805 (Tex.1978) (trial court committed reversible error by excluding claimant's settlement agreement with physician, which was offered to show the physician's bias against the drug manufacturer). Because the settlement agreements are not in the record, whether they contain agreements relevant to any witness's bias is unreviewable. But, the nonsettling defendant's right to protect itself through discovery to discover agreements reasonably calculated to demonstrate a witness's bias is before us. In our opinion, the trial court's order prevents the nonsettling defendant any opportunity to examine the contents of the settlement agreements and thus, deprives the nonsettling defendant of the opportunity to evaluate whether some portions of the settlement agreements demonstrate the presence of bias. In due course, and if the agreements do contain provisions that affect the testimony of the trial witnesses, the trial court's ruling prevents the nonsettling defendant from using the settlement agreements during the trial. In turn, by neither having the agree-ments in the record nor having them to utilize in examining the witnesses at trial, the nonsettling defendant is restricted of its subsequent ability to demonstrate on appeal that it did not receive a fair trial.

As the burden is on the party objecting to the disclosure of the evidence to show that it was not offered for some other valid purpose permitted by Rule 408, a burden that the Thompsons failed to fulfill, the trial court failed to follow the Rules of Civil Procedure to require the Thompsons to produce any portions of the settlement agreements relevant to witness bias. *See Haney v. Purcell Co.,* 796 S.W.2d 782, 789–90 (Tex.App.-Houston [1st Dist.] 1990, writ denied). We conclude that parts of the settlement agreements are directly relevant to demonstrating the settlement credit available for reducing any judgment, pursuant to the terms of section 33.012 of the Texas Civil Practice and Remedies Code. We further conclude that parts of the settlement agreements are relevant to the existence or nonexistence of potential witness bias, such as those portions that reflect agreements to provide testimony, to provide cooperation, or to not cooperate with the nonsettling defendant, as a consideration for the settlement are reasonably calculated to lead to the discovery of relevant impeachment evidence. *See* Tex.R. Evid. 408. We direct the trial court to vacate its March 25, 2010 order denying Univar's motion, and to promptly enter an order granting Univar's motion to compel production of the relevant portions of the settlement agreements by no later than two days prior to the beginning of jury selection.[7] With respect to the relief granted herein, the writ will issue only if

---

7. We are advised that trial is scheduled during the week of April 26, 2010. In light of the scheduled trial date, and the objective of the Rules of Procedure to obtain a just, fair, equitable, and impartial adjudication of the rights of the litigants, producing the settlement agreements before jury selection occurs is appropriate. *See* Tex R.App. P. 52.8(c) ("If the court determines that relator is entitled to relief, it must make an appropriate order."); Tex.R. Civ. P. 1 (stating the objective of the rules of civil procedure).

the trial court fails to act promptly in accord with this opinion.

WRIT CONDITIONALLY GRANTED.