**Petition for Writ of Mandamus Conditionally Granted and Majority and Concurring Opinions filed January 12, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00639-CV

---

## IN RE GRECON, INC., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-26100**

---

## CONCURRING OPINION

This court is right to conditionally grant mandamus relief for the reasons stated in section II of the majority opinion, and I join that section. But, I respectfully decline to join section I of the majority opinion because in it the court relies upon a waiver argument not presented to the respondent trial judge, not argued in this mandamus proceeding, not necessary to the disposition of today's case, and not correct under applicable law.

***The majority improperly grants mandamus relief based on a waiver argument that no party presented to the trial judge.***

Real party in interest Ralph Figgs sued various parties, including Georgia Pacific LLC, Georgia Pacific Building Products, LLC, Georgia Pacific Wood Products LLC, Georgia Pacific Wood Products South LLC, Georgia Pacific Equity Holdings LLC, International Paper Company and Mid-South Engineering, Inc. (collectively the "Settling Parties"), as well as relator GreCon, Inc. Under Texas Rule of Civil Procedure 194.2, GreCon requested disclosure from Figgs of "any settlement agreements described in Rule 192.3(g)."[1] Rule 192.3(g) provides that "[a] party may obtain discovery of the existence and contents of any relevant portions of a settlement agreement."[2] Thus, GreCon asked Figgs to disclose the existence and contents of any relevant portions of a settlement agreement. Figgs timely responded to this request on April 2, 2017, asserting that there were no relevant portions of a settlement agreement at the time of Figgs's response.

After Figgs's counsel informed GreCon that Figgs had settled with various defendants, GreCon moved to compel Figgs to supplement his response to the request for disclosure with information as to Figgs's settlements with the Settling Parties and to "produce copies of all settlement agreements." Figgs responded in opposition, arguing that at present no part of any settlement agreement with one of the Settling Parties was relevant. Figgs asserted that GreCon had not met its burden of establishing relevancy. In his response, Figgs expressly moved the court for protection from discovery based on the arguments asserted in the response. In its reply GreCon asserted that all portions of Figgs's settlement agreements with one or

---

[1] Tex. R. Civ. P. 194.2(h).

[2] Tex. R. Civ. P. 192.3(g).

more of the Settling Parties (hereinafter the "Settlement Agreements") were relevant and that Figgs had the burden to show that the Settlement Agreements were not relevant. Though GreCon argued that Figgs had not satisfied this burden in his response to GreCon's motion to compel, GreCon did not assert that Figgs had to satisfy this burden by April 3, 2017, the deadline for responding to the request for disclosure (hereinafter the "Request-for-Disclosure Deadline").

At no time in the trial court did GreCon or any other party assert that Figgs had waived his argument that the Settlement Agreements are not relevant by failing to assert that argument in a motion for protection filed by the Request-for-Disclosure Deadline (hereinafter the "Waiver Argument").

In section I of the majority opinion, the majority concludes that Figgs waived his argument that the Settlement Agreements are not relevant by failing to assert the argument in a motion for protection filed by the Request-for-Disclosure Deadline.[3] The majority grants mandamus relief based on the Waiver Argument, an argument that no party presented to the respondent trial judge.[4] In doing so the majority contradicts binding precedent under which this court may not grant mandamus relief based on an argument that the relator did not present to the trial judge.[5] Under the majority's analysis, even if no part of the Settlement Agreements were relevant, the trial court still would have abused its discretion in denying the relator's motion to

---

[3] *See ante* at 8–10.

[4] *See id.*

[5] *See Bigham v. Dempster*, 901 S.W.2d 424, 426 n. 3 (Tex.1995) (orig. proceeding); *In re Credit Suisse First Boston Mortg. Capital. L.L.C.*, 257 S.W.3d 486, 493 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding [mand. denied]).

3

compel and Figgs still would have to produce the Settlement Agreements because Figgs waived his relevancy argument by not asserting it by the Request-for-Disclosure Deadline.

In section I of the majority opinion, the majority concludes that Figgs did not meet his burden of proving that the Settlement Agreements were not relevant because Figgs failed to file a motion for protection asserting this relevancy argument by the Request-for-Disclosure Deadline.[6] The term "burden of proof" refers to a party's duty to prove an assertion or charge; the term does not refer to any applicable deadline by which a party must make an assertion or charge.[7] Presuming for the sake of argument that Figgs was required to assert the relevancy argument by the Request-for-Disclosure Deadline, Figgs's failure to timely assert this argument would not constitute a failure to satisfy a burden of proving it.[8] Rather, a failure to timely assert the argument would constitute a waiver of the argument, and there would be no need to determine whether Figgs satisfied his burden of proving the relevancy argument.[9]

In addition to incorrectly asserting that Figgs's alleged duty to assert his relevancy argument by the Request-for-Disclosure Deadline constitutes part of

---

[6] *See ante* at 8–9.

[7] *See* Black's Law Dictionary 209 (8th ed. 2004) (defining "burden of proof" as "[a] party's duty to prove a disputed assertion or charge"); *Huckaby v. Huckaby*, 436 S.W.2d 601, 604–05 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.) (concluding that the term "burden of proof" as used in a section of the Probate Code meant the "burden of persuasion" and that the party had to prove the proposition in question by a preponderance of evidence).

[8] *See* Black's Law Dictionary 209; *Huckaby*, 436 S.W.2d at 604–05.

[9] *See Bielamowicz v. Cedar Hill Indep. Sch. Dist.*, 136 S.W.3d 718, 723 (Tex. App.—Dallas 2004, pet. denied) (concluding that party waived discovery objections by asserting them in an untimely manner, without addressing whether party satisfied his burden of proof as to the objections).

Figgs's burden of proving the relevancy argument, the majority also states that the parties disputed in the trial court and in this court whether Figgs had the burden of proving that the Settlement Agreements were not relevant.[10] To the extent the majority is suggesting in section I that the parties raised the Waiver Argument in the trial court and in this court, this suggestion clashes with the record. The parties have disputed whether in responding to GreCon's motion to compel, Figgs had the burden to prove that the Settlement Agreements were not relevant or whether GreCon, in moving to compel, had the burden to prove that the Settlement Agreements were relevant. No party has argued that Figgs waived his relevancy argument by failing to assert the argument by the Request-for-Disclosure Deadline.

Requiring a relator to raise an issue in the trial court or forfeit the issue as a potential basis for obtaining mandamus relief against the trial judge gives the trial judge a chance to consider the claimed error and, if appropriate, correct it. The trial judge in today's case never got that chance. Nor did Figgs get the chance to respond to the Waiver Argument, which is an issue of apparent first impression in Texas jurisprudence. Thus, under applicable law, GreCon should not able to get mandamus relief based on an argument that GreCon did not raise in the proceedings before the trial judge.[11] Nonetheless, in section I, the majority grants mandamus relief based on the Waiver Argument, even though GreCon did not present the argument to the respondent trial judge.[12]

---

[10] *See ante* at 4.

[11] *See Bigham*, 901 S.W.2d at 426 n. 3; *In re Credit Suisse First Boston Mortg. Capital. L.L.C.*, 257 S.W.3d at 493.

[12] *See ante* at 8–10; *Bigham*, 901 S.W.2d at 426 n. 3; *In re Credit Suisse First Boston Mortg. Capital. L.L.C.*, 257 S.W.3d at 493.

***The court improperly grants mandamus based on a waiver argument that GreCon waived by its failure to raise or brief the argument in its mandamus petition.***

In GreCon's mandamus petition,[13] GreCon does not assert that GreCon is entitled to mandamus relief based on the Waiver Argument. GreCon's petition contains no argument, analysis, record citations, or legal authority in support of the Waiver Argument.[14] So, GreCon waived the Waiver Argument by not briefing it in the mandamus petition, and this court may not grant mandamus relief based on the Waiver Argument.[15] The analysis in section II — based on arguments presented to the respondent trial judge and briefed in GreCon's mandamus petition — provides ample basis to grant mandamus relief. This court should not stretch for a reason to grant mandamus that was not raised in this court.[16] Instead, the court should grant mandamus relief based only on the analysis in section II.

---

[13] All references in this opinion to GreCon's mandamus petition refer to both GreCon's original mandamus petition and its supplement to the original mandamus petition.

[14] *See* Tex. R. App. P. 52.3(h) (stating that the mandamus petition "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record").

[15] *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (holding that petitioners waived an argument by not briefing the argument in the Supreme Court of Texas); *In re TCW Global Project Fund II, Ltd*., 274 S.W.3d 166, 169–71 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding [mand. denied]) (holding that relators waived an argument by not briefing the argument in their mandamus petition); *In re Akin Gump Strauss Hauer & Feld, LLP*, 252 S.W.3d 480, 495 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (holding that relator waived an argument by not briefing the argument in its mandamus petition); *In re Citizens Supporting Metro Solutions, Inc.,* No. 07–00190–CV, 2007 WL 4277850, at *4 (Tex. App.—Houston [14th Dist.] Oct. 18, 2007, orig. proceeding) (mem. op.) (same as *In re Akin Gump Strauss Hauer & Feld, LLP*).

[16] *See Del Lago Partners, Inc.*, 307 S.W.3d at 776 (asserting that the Supreme Court of Texas should not "stretch for a reason to reverse that was not raised [in the Supreme Court of Texas]").

***Even if it were proper to consider the Waiver Argument, the argument would not provide a basis for granting mandamus relief.***

Presuming for the sake of argument that (1) GreCon presented the Waiver Argument to the respondent as a reason to grant GreCon's "Motion to Compel Production of Settlement Agreements"; (2) GreCon briefed the Waiver Argument in its mandamus petition; and (3) this court must reach the Waiver Argument because the other arguments in GreCon's mandamus petition lack merit, this court would have to address the issue. Yet, neither the parties nor the majority have cited any Texas case addressing the Waiver Argument, and research has not revealed any. The issue appears to be one of first impression under Texas law, and for this additional reason the Waiver Argument would be better left for another day and another case — one in which the parties have raised it and briefed it.[17]

As allowed under Rule 194.2(h), GreCon requested that Figgs disclose "the existence and contents of any relevant portions of a settlement agreement."[18] Figgs responded before the Request-for-Disclosure Deadline. In his response to the request under Rule 194.2(h), Figgs asserted that there were no relevant portions of a settlement agreement at the time of Figgs's response.[19] Even presuming for the sake of argument that Figgs had to assert by the Request-for-Disclosure Deadline any privilege, any ground for protection from discovery, or any basis for avoiding disclosure of all relevant portions of a settlement agreement, Figgs's failure to assert any of these matters would mean only that Figgs had a duty to disclose to GreCon

---

[17] The majority cites *In re Morse*. *See* 153 S.W.3d 578, 581–82 (Tex. App.—Amarillo 2004, orig. proceeding). This case is not on point for the reasons discussed later in this section.

[18] Tex. R. Civ. P. 192.3(g); *see* Tex. R. Civ. P. 194.2(h).

[19] Figgs responded "None at this time."

"the existence and contents of any relevant portions of a settlement agreement."[20] The relevance of all or part of any settlement agreement in Figgs's possession is a matter subject to dispute. In his timely response and in his arguments in opposition to GreCon's motion to compel in the trial court and GreCon's mandamus petition in this court, Figgs has asserted that no part of the Settlement Agreements is relevant. Under the unambiguous text of the rules of civil procedure, by failing to file a motion for protection or assert a privilege by the Request-for Disclosure Deadline, Figgs did not waive his right to argue that the Settlement Agreements are not relevant in response to GreCon's motion to compel.[21] No rule or other legal authority required Figgs to assert by the Request-for-Disclosure Deadline a motion for protection or other motion presenting argument and proof that the Settlement Agreements are not relevant.[22] Figgs timely argued that the Settlement Agreements are not relevant in response to GreCon's motion to compel. Figgs did not waive this argument by failing to assert it in a motion before the Request-for-Disclosure Deadline.[23]

Though the majority concludes that Figgs waived this argument by failing to assert it and prove it in a motion filed by the Request-for-Disclosure Deadline, the majority cites no rule, case, or other legal authority that imposes this requirement.[24] The majority cites *In re Morse*, but that case imposes no such requirement.[25] In

---

[20] Tex. R. Civ. P. 192.3(g); *see* Tex. R. Civ. P. 194.2(h).

[21] *See* Tex. R. Civ. P. 194; Tex. R. Civ. P. 192.3(g).

[22] *See* Tex. R. Civ. P. 194; Tex. R. Civ. P. 192.3(g).

[23] *See* Tex. R. Civ. P. 194; Tex. R. Civ. P. 192.3(g).

[24] *See ante* at 8–10. Though the majority cites comment 1 to Rule 194, this comment does not impose any requirement that a party on whom a request for disclosure under Rule 194.2(h) is served must assert any relevancy arguments in a motion for protection filed by the deadline to respond to the disclosure request. *See* Tex. R. Civ. P. 194 cmt. 1.

[25] *See* 153 S.W.3d 578, 581–82 (Tex. App.—Amarillo 2004, orig. proceeding).

*Morse*, the real parties in interest did not fully respond to a request for disclosure of identity information as to potential parties under Rule 194.2(b); there was no issue as to a request for disclosure under Rule 194.2(h).[26]  In today's case, Figgs moved for protection and presented non-frivolous arguments in the trial court that the respondent trial judge should deny GreCon's motion to compel because the Settlement Agreements are not relevant.  In *Morse*, the real parties in interest did not move for protection, nor did they assert in the mandamus proceeding that the requested information was privileged or that they had a valid basis for seeking protection.[27]  In *Morse*, Rule 194.2(b) required the disclosure of the name, address, and telephone number of any potential parties, and the real parties did not argue that the information at issue was not the name, address, and telephone number of any potential parties.[28]  In today's case, Rule 194.2(h) requires the disclosure of the existence and contents of any relevant portions of a settlement agreement, and Figgs argued in the trial court and in this proceeding that no part of the Settlement Agreements is relevant.[29]  Though the *Morse* court stated that the real parties in interest's failure either to file a motion for protection or to fully respond to the request for disclosure constituted an abuse of the discovery process, the *Morse* court did not hold that any argument had been waived, nor did the *Morse* court address whether an argument would have been untimely if the real parties had presented it to the respondent trial judge after the deadline for responding to the disclosure

---

[26] *See id.*

[27] *See id.*

[28] *See id.*

[29] *See* Tex. R. Civ. P. 194.2(h); Tex. R. Civ. P. 192.3(g).

9

request.[30]  The *Morse* case does not address the Waiver Argument and so is not on point.[31]

In concluding that Figgs had the burden of proving that the Settlement Agreements were not relevant, the majority cites *In re Univar USA, Inc.*, 311 S.W.3d 175 (Tex. App.—Beaumont 2010, orig. proceeding).[32]  In that case, the court of appeals granted mandamus relief compelling production of settlement agreements in response to a request for disclosure.[33]  The parties resisting discovery in *In re Univar* did not file a motion for protection asserting that the settlement agreements were not relevant by the deadline for responding to the request for disclosure.[34]  Thus, under the majority's analysis, the resisting parties waived their relevancy argument.[35]  Significantly, the *In re Univar* court did not conclude that the relevancy argument was waived; instead, the court addressed the merits of the argument and concluded that the settlement agreements were relevant.[36]  That is precisely what this court should do today.

In concluding that Figgs had the burden of proving that the Settlement Agreements were not relevant, the majority also cites cases involving requests for production and the resisting party's objections thereto.[37]  The majority thus

---

[30] *See In re Morse*, 153 S.W.3d at 581–82.

[31] *See id.*

[32] *See ante* at 8–9.

[33] *See In re Univar USA, Inc.*, 311 S.W.3d 175, 179–82 (Tex. App.—Beaumont 2010, orig. proceeding).

[34] *See id.* at 178, 180.

[35] *See ante* at 8–10.

[36] *See In re Univar USA, Inc.*, 311 S.W.3d at 179–82.

[37] *See ante* at 8–9.

analogizes Figgs's argument that the Settlement Agreements were not relevant to a party's objection that a settlement agreement is not relevant in response to a request for production.[38] If GreCon had served requests for production of the Settlement Agreements on Figgs, and if Figgs had timely objected on the ground that the agreements are not relevant, then Figgs would have had until the hearing on GreCon's motion to compel to prove that the agreements are not relevant.[39] So, under the majority's analogy, Figgs should have until the hearing on GreCon's motion to compel to prove that there were no relevant portions of a settlement agreement, as Figgs had timely asserted in response to GreCon's request for disclosure.[40] Instead, the majority concludes that Figgs had to meet this burden of proof by the Request-for-Disclosure Deadline.[41]

The majority concludes that a party waives its argument that any settlement agreement is irrelevant in whole or in part if the party fails to assert and prove that argument in a motion for protection filed by the deadline for responding to a request for disclosure under Rule 194.2(h).[42] If this waiver rule is applied in future cases, it likely will impose significant transaction costs on parties who enter into numerous settlement agreements and likely will present a trap for the unwary — a trap that will result in the waiver of valid arguments that settlement agreements are not relevant.

---

[38] *See id.*

[39] *See* Tex. R. Civ. P. 193.4(a); *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 315 (Tex. 2009).

[40] *See* Tex. R. Civ. P. 193.4(a); *In re Weekley Homes, L.P.*, 295 S.W.3d at 315; *In re Univar USA, Inc.*, 311 S.W.3d at 179–82.

[41] *See ante* at 8–10.

[42] *See id.*

11

The Texas Rules of Civil Procedure do not define the term "settlement agreement," as used in Rule 192.3(g) or Rule 194.2(h).[43]  As this court has noted, the plain meaning of this undefined term is broad and includes settlements of claims against other parties in other lawsuits.[44]  So, the plain meaning of this term would seemingly include all settlement agreements in the possession of the party on whom the disclosure request is served, even settlement agreements as to unrelated claims and even settlement agreements in which the party had no involvement.[45]  Under Rule 194.2(h), the sole factor for winnowing out which settlement agreements or portions thereof are discoverable is the requirement that they be relevant to the case in which disclosure is sought.[46]  Yet, under the majority's reasoning in section I, a party waives all relevancy arguments unless the party raises and proves these arguments in a motion for protection filed by the disclosure deadline.  Parties undertaking to follow this rule may face transaction costs asserting and proving relevancy arguments as to settlement agreements that no party seriously could argue were relevant to the litigation.  Parties who fail to follow this rule and simply respond that no part of any settlement agreement is relevant run the risk of the discovering party asserting that the responding party has waived all relevancy arguments and is required to produce every settlement agreement in the responding party's possession.  For responding parties who have entered into many settlement

---

[43] *See* Tex. R. Civ. P. 192, 194.

[44] *See Palo Duro Pipeline Co. v. Cochran*, 785 S.W.2d 455, 457 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding).

[45] If, as happened in today's case, a party has reason to believe that a party to the litigation has settled with one or more other parties, the party may seek discovery of these settlement agreements by specific requests for production.  The record in today's case does not reflect that GreCon sought discovery of the Settlement Agreements by a request for production.

[46] *See* Tex. R. Civ. P. 194.2(h); Tex. R. Civ. P. 192.3(g).

12

agreements, this rule will impose significant transaction costs in either asserting and proving that all the settlement agreements are not relevant or in having to produce all of these settlement agreements if a court concludes that the party waived its relevancy arguments under this rule. In both scenarios, the rule puts litigants to unnecessary time and expense.

Figgs asserted that the Settlement Agreements were not relevant in a response and motion for protection filed within seventy days after the Request-for-Disclosure Deadline and before the respondent trial judge ruled on GreCon's motion to compel. GreCon has not said that Figgs waived his relevancy arguments, nor does any legal authority so provide. Though Figgs's relevancy arguments lack merit, under applicable law, Figgs did not waive these arguments by failing to assert them in a motion for protection filed by the deadline for responding to a request for disclosure under Rule 194.2(h).[47]

*Conclusion*

The analysis in section I of the majority opinion violates fundamental principles established in binding precedent by granting mandamus relief based on the Waiver Argument because (1) GreCon did not present the Waiver Argument to the respondent trial judge; (2) the trial judge did not rule on the Waiver Argument; (3) GreCon did not assert the Waiver Argument in this mandamus proceeding; (4) Figgs has not had the opportunity to respond to the Waiver Argument; and (5) this court may grant mandamus relief for the reasons stated in section II of the majority

---

[47] *See* Tex. R. Civ. P. 192, 194. As the majority notes, the purported settlement agreement with Mid-South Engineering, Inc. submitted under seal does not contain any date or any indication as to when it was executed. The majority does not explain the basis on which this court concludes that this document was in Figgs's possession on April 2, 2017, when he responded to the request for disclosure.

13

opinion, without relying upon the Waiver Argument.  And, in any event, the Waiver Argument lacks merit.


/s/      Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jewell. (Jewell, J., majority) (Boyce, J., joining section I of the majority opinion).