NO. 07-04-0283-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 22, 2004

_____


IN RE C.D. MORSE AND WIFE, LINDA MORSE, RELATORS


_____


Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


**OPINION**


By this original proceeding, relators C.D. Morse and wife, Linda Morse, seek a writ of mandamus requesting that we order the Honorable Blair Cherry, District Judge of the 72nd Judicial District Court of Lubbock County, to vacate his order of May 3, 2004, in the underlying proceeding bearing cause number 2003-524,072, to the extent that it denied their motion to compel disclosures regarding potential parties and identities of shareholders, but not otherwise.[1]  Presenting two issues, relators contend the trial court abused its discretion in denying their motion to compel the disclosures (1) of the name and

_____

[1]Relators' motion for expedited consideration is rendered moot by issuance of this opinion.

address of potential parties and witnesses when the Texas Rules of Civil Procedure mandatorily require all parties to disclose the identity and addresses of potential parties and witnesses and (2) when the obvious effect of the court's order is to prevent them from discovering the identity of potential fraudulent transferees prior to the expiration of the statute of limitations. We conditionally grant the relief requested.[2]

Relator C. D. Morse, a defendant and third-party plaintiff in a separate cause numbered 2002-519,190, pending in the 72nd District Court of Lubbock County, filed the underlying action with his wife seeking declaratory relief and asserting that various bank and holding company transactions and reorganizations were in fraud of his rights as a contingent creditor as may be adjudicated and determined in cause number 2002-519-190.[3] As material here, relators contend that certain transfers, bank mergers, acquisitions, or arrangements constituted fraudulent transactions to them as creditors, contrary to the Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code Ann. §§ 24.001–24.012 (Vernon

---

[2]We do not address any questions concerning the applicability of article 6.04 of the Texas Business Corporation Act or the Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code Ann. §§ 24.001-24.012, to relators' claims in the underlying proceeding.

[3]The history of the bank and holding company transactions as presented by relators' petition and real parties' response demonstrated considerable uncertainty as to the precise corporate and shareholder action taken. However, in the amended statement of facts of real party Stephenson filed the day before submission of oral argument, he acknowledged that prior factual representations were incorrect and stated "in fact, following the merger, First State continued to exist as a separately chartered national banking association and as such, continued its banking relationships with its depositors and borrowers in the ordinary course of its business." During oral argument, counsel acknowledged that this information was not presented to the trial court. Leave to file the amended fact statement is granted.

2002), and article 6.04 of the Texas Business Corporation Act. In addition, relators contend the shareholders of the bank or holding companies were unjustly enriched and seek imposition of a constructive or resulting trust. Upon commencement of the underlying proceeding relators also caused their request for disclosure under Rule 194 to be served on real parties requesting, among other information, the disclosure of the name, address, and telephone number of any potential parties. By their motion to compel, relators seek the disclosure of the name, address, and telephone number of shareholders or former shareholders of Independent Bankshares, Inc., Independent Financial Corp., and State National Bancshares, Inc. as potential parties under Rule 194.2(b) of the Texas Rules of Civil Procedure.

When real parties failed to respond fully to the request for disclosure, relators filed their motion to compel disclosure of the identity of all former shareholders of Independent Bankshares, Inc., Independent Financial Corp., and State National Bancshares, Inc. as potential parties to their claims under article 6.04 of the Texas Business Corporation Act and the Uniform Fraudulent Transfer Act.[4] Upon hearing the motion, without expressing any reasons, the trial court denied the request for disclosures.

---

[4]Relators also sought production of documentation regarding arrangements for the payment of non-deposit creditors, disclosures made to shareholders, disclosure of consideration received by shareholders, and the identity of directors. We do not address these matters because relators seek the writ to compel disclosure of the names and addresses of the officers, directors, and shareholders.

3

## Standard of Review

A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal, and the relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding). With respect to factual matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the trial court. *Id.* However, a review of a trial court's determination of controlling legal principles is entitled to much less deference. *Id.* at 840. In our analysis, we "must focus on the record that was before the court and whether the decision was not only arbitrary but also amounted to a clear and prejudicial error of law." Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1992).

By their two issues, relators contend the trial court abused its discretion in denying their motion to compel the disclosure (1) of the name and address of potential parties and witnesses when the Texas Rules of Civil Procedure require all parties to disclose the identities and addresses of potential parties and witnesses and (2) when the obvious effect of the court's order is to prevent relators from discovering the identity of potential fraudulent transferees prior to the expiration of the statute of limitations. We agree.

Although relators acknowledge that the trial court has wide discretion in discovery matters, they point out that the discretion is not unlimited. Citing Burlington Northern, Inc. v. Hyde, 799 S.W.2d 477, 479 (Tex.App.--El Paso 1990, no writ), they argue that under

4

Rule 194.2(b) real parties' failure to respond fully was an abuse of the discovery process and that the trial court abused its discretion in denying the motion to compel. In response, contending that neither article 6.04 of the Texas Business Corporation Act nor the Uniform Fraudulent Transfer Act apply to the bank merger or institutional or corporate transfer or reorganizations, real parties argue that disclosure of the names and addresses of the shareholders was not required because "there is no viable cause of action against these shareholders in this transaction." These opposing contentions require that we focus our analysis on Rule 194 entitled "Requests for Disclosure."

By its order of November 9, 1998, among other changes to the discovery rules,[5] the Supreme Court added disclosure as a new form of discovery. *See* Tex. R. Civ. P. 194. Unlike Rule 192.3(a) which authorizes discovery in broad terms, Rule 194.2 expressly provides that a party may request disclosure of at least 16 specific categories of information. As material here, Rule 194.2(b) provides that a party may request disclosure of the name, address, and telephone number of any potential parties. According to the explanatory comment accompanying the 1999 amendments, upon request, Rule 194 provides ready access to basic information without objection.

Under Rule 194.3, the responding party must serve a written response within 30 days, and according to comment 1, if a party does not move for protection or assert any applicable privileges, failure to "respond fully to a request for disclosure would be an abuse

[5]*See* text of order and explanatory comments at 977 S.W.2d xxxv.

5

of the discovery process." Unlike other comments, the comments to the disclosure rule are intended to inform its construction and application. *See* order of November 9, 1998. *See generally* Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex.App.--Houston [14th Dist.] 2000, pet. denied) (noting that the comment to Tex. R. Civ. P. 166a(i) was specifically intended to inform the construction and application of the rule).

Notwithstanding Rule 194.3 and the accompanying comment, real parties did not present any objection nor move for protection to prohibit disclosure and do not contend that the information was privileged or was, as suggested by the comment, "one of those rare cases when information should be protected." Real parties' reliance on In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding), as support for their argument that disclosure of the identities of the shareholders was not required because relators' pleadings did not state a viable claim is misplaced. In *Colonial*, the Court wrote in the context of a ruling which would impair or restrict a party's ability to present a viable claim or defense. 968 S.W.2d at 941. Moreover, the opinion in *Colonial* was issued before the adoption of Rule 194 which adopted disclosure as a new form of discovery.

Neither party cites any decisions discussing Rule 194.2(b); however, our research identifies two cases discussing disclosure per Rule 194. In Helfand v. Coane, 12 S.W.3d 152 (Tex.App.--Houston [1st Dist.] 2000, pet. denied), a similar question was presented by ordinary appeal. There, the court noted:

6

> We reject Coane's argument that Helfand was not entitled to discovery for the mere purpose of determining who another defendant is or may be. Under our discovery rules, past and present, a party is entitled to obtain discovery regarding potential parties to a lawsuit. Tex. R. Civ. P. 192.3(i), 192.5(c)(3), and 194.2(b).

[Citations omitted]. *Id*. at 157 n.3. Then, in Villegas v. Texas Depart. of Transp., 120 S.W.3d 26, 35 (Tex.App.--San Antonio 2003, pet. denied), the failure to provide disclosure as requested under Rule 194.2(f)(4)(A) constituted grounds supporting a sanction order striking the affidavit of an expert in a summary judgment proceeding.

Based on the comment to Rule 194 and *Helfand* and *Villegas*, we conclude that real parties' failure to fully respond to the request for disclosure or move for protection constituted an abuse of the discovery process. Considering that relators were entitled to the disclosure of the names and addresses of the shareholders or former shareholders[6] as potential parties and based on the above standard of review, we conclude the trial court abused its discretion in denying the motion to compel the requested disclosures.

Accordingly, we conditionally grant the writ of mandamus and the trial court is ordered to direct real parties to comply with the request for disclosure of the names, addresses, and telephone numbers of the officers, directors, and shareholders of Independent Bankshares, Inc. for the year 2000, but not otherwise. This discovery order shall in no way bar nor prohibit the commencement of other discovery process by either

---

[6]Although relators' motion to compel sought the same information with respect to other entities, its petition for writ of mandamus is limited to Independent Bankshares, Inc.

party. We are confident the trial court will grant the motion in accordance with this opinion. We instruct the Clerk to issue the writ only if the trial court fails to grant the motion within thirty days.

Don H. Reavis
Justice