

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00076-CV

_____

JERRY DUFFEY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF
BESSIE FAITH DUFFEY, DECEASED, Appellant

V.

SLEEP CENTER OF LONGVIEW AND BAHER ELHALWAGI, M.D., INDIVIDUALLY
AND D/B/A SLEEP CENTER OF LONGVIEW, Appellees

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 2016-1261-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Chief Justice Morriss

# OPINION

This appeal questions whether the trial court properly subtracted the amount of a pretrial settlement from an award of damages in a health care liability suit after a jury finding against a nonsettling defendant. Because a prevailing party is entitled to only one satisfaction for the same injuries, we hold that the trial court did not err in awarding a dollar-for-dollar settlement credit and subtracting the credit from the jury's award to the plaintiff. Therefore, we affirm the trial court's judgment.

Bessie Faith Duffey, who had various known medical issues, died after suffering cardiopulmonary arrest during a sleep study at the Sleep Center of Longview. Her husband, Jerry Duffey, individually and as representative of Bessie's estate (collectively Duffey), brought wrongful death and survival claims against Baher Elhalwagi, M.D. (Elhalwagi), individually and d/b/a The Sleep Center of Longview (Sleep Center), Charles Martin, M.D. (Martin), and East Texas Pulmonary Associates of Longview. Martin and East Texas Pulmonary Associates of Longview (Settling Defendants) settled the lawsuit in exchange for payment of $60,000.00 and "taxable court costs not to exceed . . . $11,500.00" to Duffey.

After this settlement, a Gregg County jury found that the negligence of the Sleep Center proximately caused Bessie's death and resulting injuries and assessed $91,685.76 in damages.[1] Elhalwagi and the Sleep Center (Nonsettling Defendants) filed a motion for entry of judgment on the jury's verdict, but prayed for a settlement credit of $71,500.00, which would reduce the

---

[1]The jury did not find that Elhalwagi caused the injuries in his individual capacity.

judgment against the Sleep Center to $20,185.76. The trial court awarded the requested dollar-for-dollar settlement credit and entered final judgment against the Sleep Center for $20,185.76.

On appeal, Duffey argues that the Nonsettling Defendants are not entitled to a settlement credit because the jury was required to find the Settling Defendants proportionately responsible as a prerequisite to the application of the credit, and the negligent acts of the Settling Defendants "were entirely different than the acts of" the Nonsettling Defendants. Alternatively, Duffey argues that dollar-for-dollar credit was improper. We overrule Duffey's points of error and affirm the judgment because we find that (1) the Nonsettling Defendants were entitled to a settlement credit and (2) the dollar-for-dollar credit was proper.

*(1)     The Nonsettling Defendants Were Entitled to a Settlement Credit*

The availability of a settlement credit is controlled by both Chapter 33 of the Texas Civil Practice and Remedies Code and the Texas common law one-satisfaction rule.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.012; *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000); *Valley Grande Manor v. Paredes*, No. 13-11-00752-CV, 2013 WL 3517806, at *2 (Tex. App.—Corpus Christi July 11, 2013, pet. denied) (mem. op.); *Galle, Inc. v. Pool*, 262 S.W.3d 564, 573 (Tex. App.—Austin 2008, pet. denied).

"Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered." *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 106–07 n.8 (Tex. 2018) (op.

---

[2]Some courts have limited the one-satisfaction rule to cases in which Chapter 33 does not apply. *See White v. Zhou Pei*, 452 S.W.3d 527, 544 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Galle, Inc. v. Pool*, 262 S.W.3d 564, 573 (Tex. App.—Austin 2008, pet. denied)). As mentioned herein, however, prevailing authority is that the issue is controlled by both Chapter 33 and the one-satisfaction rule. While two independent rules could conceivably prove problematical in some cases, we note that both authorities produce the same outcome here.

corrected on reh'g) (quoting *Crown Lide Ins. Co.*, 22 S.W.3d at 390; *see In re GreCon, Inc.*, 542 S.W.3d 774, 782 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (quoting *First Title Co. of Waco v. Garrett*, 860 S.W.2d 74, 78 (Tex. 1993))). "[W]hen a plaintiff files suit alleging that multiple tortfeasors are responsible for the plaintiff's injury, any settlements are to be credited against the amount for which the liable parties as a whole are found responsible, but which only the non-settling defendant remains in court." *GreCon, Inc.*, 542 S.W.3d at 782 (quoting *Garrett*, 860 S.W.2d at 78). "'[T]he plaintiff should not receive a windfall by recovering an amount in court that covers the plaintiff's entire damages, but to which a settling defendant has already partially contributed.'" *Mendez*, 555 S.W.3d at 107 (quoting *Garrett*, 860 S.W.2d at 78). "'[I]f settling parties are partially responsible for such an injury, then as a matter of law the judgment should be reduced by the amount of any settlements so as to prevent double recovery by the prevailing plaintiff.'" *GreCon, Inc.*, 542 S.W.3d at 782 (quoting *Garrett*, 860 S.W.2d at 78).

"The reduction of the plaintiff's recovery may be achieved by settlement credits under Chapter 33 of the Texas Civil Practice and Remedies Code." *Id.* (citing *Bus. Staffing, Inc. v. Viesca*, 394 S.W.3d 733, 752 (Tex. App.—San Antonio 2012, no pet.)). Chapter 33 applies to wrongful death or "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." TEX. CIV. PRAC. & REM. CODE ANN. § 33.002(a)(1); *see Dugger v. Arredondo*, 408 S.W.3d 825, 831 (Tex. 2013). Section 33.012 states, in relevant part:

> (b)   If the claimant has settled with one or more persons, the court shall . . . reduce the amount of damages to be recovered by the claimant with respect to a cause of action by the sum of the dollar amounts of all settlements.

4

(c)      Notwithstanding Subsection (b), if the claimant in a health care liability claim filed under Chapter 74 has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by an amount equal to one of the following, as elected by the defendant:

(1)      the sum of the dollar amounts of all settlements; or

(2)      a percentage equal to each settling person's percentage of responsibility as found by the trier of fact.

(d)      An election made under Subsection (c) shall be made by any defendant filing a written election before the issues of the action are submitted to the trier of fact and when made, shall be binding on all defendants.  If no defendant makes this election or if conflicting elections are made, all defendants are considered to have elected Subsection (c)(1).

TEX. CIV. PRAC. & REM. CODE ANN. § 33.012.[3]

"[W]hether the plaintiff has complained of a single, indivisible injury, and whether the defendant is entitled to credit one or more settlements against the judgment, are legal determinations that we review de novo." *Mendez*, 555 S.W.3d at 109 n.8.[4]  An indivisible injury is "an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers." *In re Liu*, 290 S.W.3d 515, 524 (Tex. App.—Texarkana 2009, orig. proceeding) (quoting *Landers v. E. Tex. Salt Water Disposal Co.*, 248 S.W.2d 731, 734 (Tex. 1952)).

---

[3]Duffey admits that the lawsuit brought health care liability claims.

[4]This Court has previously stated, "A trial court's determination of the existence of, or the amount of, a settlement credit is reviewed for an abuse of discretion." *Tex. Capital Sec., Inc. v. Sandefer*, 108 S.W.3d 923, 925–27 (Tex. App.—Texarkana 2003, pet. denied) (citing *Goose Creek Consol. Indep. Sch. Dist. v. Jarrar's Plumbing, Inc.*, 74 S.W.3d 486, 504 (Tex. App.—Texarkana 2002, pet. denied)).  To the extent the determination of the existence of settlement credits involves the question of "whether the plaintiff has complained of a single, indivisible injury, and whether the defendant is entitled to credit one or more settlements against the judgment," we overrule *Sandefer* in light of *Mendez* and hold that the trial court's resolution of these questions is reviewed de novo.

Duffey's argument that the one-satisfaction rule does not apply because he complained of different negligent acts against each party has no relevance to the question of whether Duffey complained of a single, indivisible injury. Instead, we focus on Duffey's pleadings in making that determination. Duffey alleged that the actions of both the Settling Defendants and the Nonsettling Defendants caused Bessie's death and resulting harm. Because Bessie's death and resulting harm were indivisible—a conclusion Duffey does not dispute on appeal—the one-satisfaction rule applies.[5]

Yet, Duffey argues that Chapter 33 is inapplicable because the jury was not asked to apportion responsibility between the Settling Defendants and the Nonsettling Defendants. While Duffey cites caselaw[6] seeming to support his position, binding precedent written after the issuance of Duffey's cited cases, together with the plain language of Section 33.002, establishes that a jury's

_____

[5] With respect to damages, Duffey lumped all defendants together and pled the following, which shows that the damages were indivisible:

> B.      THE ESTATE OF BESSIE FAITH DUFFEY (SURVIVAL):
> Plaintiff would show that as a result of the negligence of Defendants, Bessie Faith Duffey was injured and died. Thus, on behalf of the Estate of Bessie Faith Duffey, damages are sought for past medical expenses, past physical pain and suffering, past physical impairment, past disfigurement, past mental anguish, and funeral and burial expenses. . . .
>
> C.      DAMAGES FOR WRONGFUL DEATH.
> During her lifetime, Bessie Faith Duffey gave advice, counsel, comfort, companionship, and care to her husband and to her children. In all reasonable probability, she would have continued to do so. Therefore, each Plaintiff has suffered pecuniary loss in the form of the loss of Bessie Faith Duffey's love, counsel, companionship, and care resulting in the mental anguish, emotional pain, torment, and suffering that accompanies such a loss. As a result, Plaintiff seeks recovery of these losses pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 71.

[6] Duffey cites in this regard *Nelson v. Pasol*, No. 13-15-00379-CV, 2017 WL 3634059, at *5 (Tex. App.—Corpus Christi Aug. 24, 2017, no pet.) (mem. op.) (citing *White*, 452 S.W.3d at 543–44).

6

apportionment of responsibility is not a prerequisite to a settlement credit under Chapter 33. *Mendez*, 555 S.W.3d at 105, 110 (holding that nonsettling parties were entitled to settlement credits even without proportionate responsibility question listing settling parties because plaintiff "suffered a single, indivisible injury"); *Garrett*, 860 S.W.2d at 79 ("Although not adjudicated to be joint tortfeasors, the [nonsettling parties] cannot reasonably be said to have caused separate injuries. Accordingly, because the present cause and the settlement of the related lawsuit [against the settling parties] both compensate an indivisible injury, the [nonsettling parties] are entitled to offset the final judgment by the amount of the settlement."); *Paredes*, 2013 WL 3517806, at *1–2 (finding that nonsettling defendant met initial burden to establish entitlement to settlement credit under Chapter 33 even where jury was charged with question of liability of only nonsettling defendant); *Pool*, 262 S.W.3d at 571 (finding that Chapter 33 applied to negligent misrepresentation claim even when defendant settled, settling defendant was not included in liability question, and nonsettling defendant at trial was found wholly responsible for plaintiff's tort claim).[7]

Here, because Duffey's pleadings asserted that the negligence of both the Settling Defendants and Nonsettling Defendants resulted in the same, indivisible injuries, and because Chapter 33 applies, the Nonsettling Defendants were entitled to the settlement credit under Section 33.012. TEX. CIV. PRAC. & REM. CODE ANN. § 33.012; *see Dalworth Restoration, Inc. v. Rife-Marshall*, 433 S.W.3d 773, 787 (Tex. App.—Fort Worth 2014, pet. dism'd w.o.j.) ("the jury's

---

[7]Duffey also cites to pre-*Mendez* caselaw stating that the one-satisfaction rule only applies when there is a finding of joint and several liability. However, in the 2018 *Mendez* opinion, the Texas Supreme Court clarified, "We have never required a finding of joint liability before applying the one-satisfaction rule." *Mendez*, 555 S.W.3d at 112.

7

finding under section 33.003 of the civil practice and remedies code that appellant was wholly responsible for appellee's injuries does not preclude the application of a settlement credit that relates to the same injury") (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 926 (Tex. 1998) ("When there is a settlement covering some or all of the damages awarded in the judgment, Section 33.012 requires the trial court to reduce the judgment accordingly . . . . The only question left is by what amount the trial court should reduce the judgment."); *Paredes*, 2013 WL 3517806, at *1– 2; *Pool*, 262 S.W.3d at 571. As a result, we overrule this point of error.

*(2)    The Dollar-for-Dollar Credit Was Proper*

"A nonsettling defendant seeking a settlement credit under the one-satisfaction rule has the burden to prove its right to such a credit." *Mendez*, 555 S.W.3d at 107 (citing *Utts v. Short*, 81 S.W.3d 822, 828 (Tex. 2002); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex. 1998)). A "nonsettling defendant meets this burden by introducing into the record either the settlement agreement or some other evidence of the settlement amount." *Id.* (citing *Ellender*, 968 S.W.2d at 927). It is undisputed that the settlement agreement was made a part of the record in this case and that the total amount of the settlement was $71,500.00.

"'Once the nonsettling defendant demonstrates a right to a settlement credit, the burden shifts to the plaintiff to show that certain amounts should not be credited because of the settlement agreement's allocation.'" *Id.* (quoting *Utts*, 81 S.W.3d at 828). "The plaintiff can rebut the presumption that the nonsettling defendant is entitled to settlement credits by presenting evidence showing that the settlement proceeds are allocated among defendants, injuries, or damages such

8

that entering judgment on the jury's award would not provide for the plaintiff's double recovery." *Id*. at 107–08.

Duffey argues that he met this burden in accordance with *Mendez*. The settlement agreement showed that the settlement amount, excluding court costs, was comprised of an agreement to pay $6,000.00 for ten categories of damages including pecuniary loss sustained in the past and future, loss of companionship in the past and future, Duffey's past and future mental anguish, Bessie's past mental anguish and physical pain, medical expenses, and funeral and burial expenses. Against the Nonsettling Defendants, the jury awarded $25,000.00 for loss of companionship and society sustained by Duffey in the past, $10,000.00 for mental anguish sustained by Duffey in the past, $10,000.00 for Bessie's physical pain, $25,000.00 for Bessie's mental anguish, $12,953.76 for medical expenses, and $8,732.00 for funeral and burial expenses.[8] In comparing the categories of damages in the settlement agreement with the jury verdict, Duffey argues that a dollar-for-dollar credit was improper because (1) the credit for damages awarded by the jury in each category should have been capped by the $6,000.00 awarded in the same category by the settlement agreement and, (2) while the settlement included $6,000.00 in damages each for pecuniary loss sustained in the past and future, loss of companionship in the future, and future mental anguish, the Nonsettling Defendants were not entitled to any credit for these categories since the jury did not award any damages for them. We disagree.

Although he complained that different actions by each defendant proximately caused the injuries in question, Duffey asserted negligence and vicarious causes of action against the Settling

[8]In addition, the trial court's judgment awarded in excess of $11,500.00 in taxable court costs to Duffey.

and Nonsettling Defendants and claimed that they all caused the same resulting injuries. Because the injures were indivisible, meaning they could not be apportioned with reasonable certainty to each individual wrongdoer, limiting the credit to the specific allocations set out in the settlement agreement would, we believe, provide for a double recovery. *See Garrett*, 860 S.W.2d at 79.

Moreover, because this is a health care liability case, the amount of the settlement credit is governed by Section 32.012(c). Because the Nonsettling Defendants did not make an election under Section 32.012(d), they were entitled to the dollar-for-dollar reduction of the Settling Defendant's settlement amount as set forth by Section 32.012(c)(1) of the Texas Civil Practice and Remedies Code. Therefore, we overrule this point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 11, 2020
Date Decided:       March 4, 2020

10