

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00207-CR

IN RE WILLIAM STEDMAN, RELATOR

ORIGINAL PROCEEDING

August 5, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Relator William Stedman, an inmate appearing pro se, seeks a writ of mandamus compelling the trial court to provide Relator with a free copy of the reporter's record from his underlying conviction for use in an anticipated postconviction writ of habeas corpus. However, as is the case with any mandamus proceeding, Relator has the burden to provide a record sufficient to establish his right to mandamus relief. TEX. R. APP. P. 52.7(a)(1) (relator must file with his petition a copy of every document that is material to his claim for relief and that was filed in any underlying proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *In re Morse*, 153 S.W.3d 578, 580 (Tex. App.—Amarillo 2004, no pet.) (orig proceeding).

Mandamus relief is an extraordinary remedy granted only when Relator can show (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding). When seeking mandamus relief, Relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To establish an abuse of discretion, Relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, Relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, Relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

In this case, Relator has not provided a mandamus record sufficient to establish his right to the relief requested.[1] Relator's petition is not accompanied by copies of his motion, the order denying his motion, or a transcript of any arguments or evidence put on

---

[1] Neither due process nor equal protection provide a defendant the right to a free transcription of the proceedings for use in pursuing post-conviction relief. *In re Kotara*, No. 07-22-00147-CR, 2022 Tex. App. LEXIS 3660 (Tex. App.—Amarillo May 31, 2022, no pet.) (orig. proceeding) (quoting Escobar v. State, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Rather, the defendant must show that the habeas corpus proceeding is not frivolous and a particularized need for the record being sought. *See id.*

by Relator to support his request.[2]  Without the supporting record, we cannot find that Relator met his burden to be entitled to relief.  *See City of Lubbock*, 666 S.W.3d at 553. Accordingly, the petition for a writ of mandamus is denied.


Lawrence M. Doss
Justice


Do not publish.

---

[2] Although Stedman references "Annex A," B, and C, no documents were attached to his handwritten petition.